Leilani GUTIERREZ, a minor, by and through her Guardian Ad Litem, June Lee GUTIERREZ; June Lee Gutierrez, an individual, Plaintiffs—Appellees,

v.

UNITED STATES of America, Defendant—Appellant.

No. 07–56708.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2009.

Filed March 26, 2009.

Peter Afrasiabi, Turner Green Afrasiabi & Arledge LLP, Costa Mesa, CA, Wylie A. Aitken, Esquire, Aitken, Aitken, & Cohn, Santa Ana, CA, Steven D. Lansford, Esquire, Stoody Mills Lansford Walker & Doyle, Newport Beach, CA, for Plaintiffs–Appellees.

Thomas Mark Bondy, Esquire, William G. Cole, Esquire, U.S. Department of Justice, Civil Division–Appellate, Washington, DC, for Defendant–Appellant.

Before: BEEZER and PAEZ, Circuit Judges, and CAMPBELL,* District Judge.

## MEMORANDUM **

The Government appeals the award of non-economic damages in the amount of $31 million to Leilani Gutierrez who, at the age of four, was a passenger in a vehicle broadsided by a government employee. The Government argues that the award is

---

* The Honorable David G. Campbell, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

excessive in both "absolute" and "comparative" terms. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

The parties are familiar with the background of this case, so we do not repeat it here.

We review an award of damages under the Federal Tort Claims Act for clear error. *Shaw v. United States,* 741 F.2d 1202, 1205 (9th Cir.1984). A district court's finding of damages is clearly erroneous only if, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "Under the Federal Tort Claims Act, damages are determined by the law of the State where the tortious act was committed." *Hatahley v. United States,* 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); *see also Molzof v. United States,* 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992); *Trevino v. United States,* 804 F.2d 1512, 1515 (9th Cir.1986). Under California law, an award of compensatory damages will be set aside as excessive only if it is "so out of line with reason that it shocks the conscience and necessarily implies that the verdict must have been the result of passion or prejudice." *Seffert v. L.A. Transit Lines,* 56 Cal.2d 498, 15 Cal.Rptr. 161, 364 P.2d 337, 343 (1961).

The Government argues that the non-economic damages award to Leilani is just too high. We recognize that an award of $31 million for non-economic damages is substantial, but in the tragic circumstances of this case, we cannot say that the district court's award was clear error. Leilani suffered catastrophic injuries as a result of the accident, and she will forever be physically, emotionally and psychologically harmed. The district court evaluated the evidence presented and discussed with specificity the various types of non-economic injuries Leilani had suffered and would continue to suffer during her drastically shortened lifetime. The Government does not challenge the factual findings underlying the district court's award. Having reviewed all of the evidence, we are not left with a firm conviction that the district court made a mistake in calculating Leilani's noneconomic damages to be $31 million.

The Government also argues that the excessiveness of this award is apparent when it is compared with awards in analogous cases. California courts recognize that comparative information may be considered and may aid in computing and reviewing an award of reasonable damages. *See Seffert,* 15 Cal.Rptr. 161, 364 P.2d at 343. Notwithstanding any comparative analysis, California courts emphasize that each case must ultimately be resolved on its own unique facts. *See id.* This case highlights the inherent limitations of such a comparative analysis. The Government has not presented, nor has our research revealed, a case that meaningfully can be compared to the instant one: Leilani is a ventilator-dependant quadriplegic who is fully aware of her limitations and their effect on her life span and her quality of life. Given the facts in this case, it cannot be said that an award of $31 million was clear error.

**AFFIRMED.**